## FRANK TOPOLANCK v. THE STATE.

A conviction for rape should not be sustained upon the unsupported testimony of the woman injured, and who did not divulge the outrage for several weeks after it was perpetrated.

APPEAL from Fayette. Tried below before the Hon. J. B. McFarland.

Topolanck was convicted of rape on Frances Odlozelek, and his punishment fixed at fifteen years in the penitentiary.

*Moore & Ledbetter*, for appellant.—So far as we have access to authorities, they show that the testimony of the injured party must be corroborated by other circumstances and facts in order to convict upon her testimony alone. (2 Starkie, 700; 1 Russ. on Cr., 689; Roscoe, 810; Wharton, 521; 4 Black. Com., 213.)

No brief for State.

REEVES, ASSOCIATE JUSTICE.—At the July term, 1873, of the District Court of Fayette county, Frank Topolanck was tried and convicted of rape, and his punishment was fixed by the jury at fifteen years confinement in the penitentiary. The indictment charges that the offense was committed on the twenty-fourth day of November, 1872.

The only witness introduced on the trial by the prosecution was the female alleged to have been violated. She proved that the defendant came to her father's house when she was alone, her father and mother being away, and committed the deed with which he is charged, on the day mentioned in the indictment, and under the circumstances stated in her testimony. She says she never told any one about what he did for several weeks, because

the defendant told her that if she did he would kill her and her father, and then kill himself; that she resisted and cried until she was exhausted; that she was twenty-one years old. She further states that she had a child born about the middle of June, 1873.

It was proved in defense, by the only witness introduced for the accused, that he had been in the habit of frequenting the house of John Odlozelek, the father of this woman, both before and after the twenty-fourth of November, 1872, the time when the offense is alleged to have been committed. This witness goes on to say, that all he knew about the offense was hearsay; he had heard about it, but never heard of any complaint until the defendant was arrested about March 1, 1873.

It would seem that the defendant was convicted alone on the testimony of the female alleged to have been injured, unsupported by other evidence, and not corroborated by circumstances. She says she told no one of what the defendant had done for several weeks, leaving it to be inferred that she had given information to some one after that time, but what it was is not disclosed. Whatever the disclosure may have been, or whoever may have been the party, that party is not named in her testimony, and not called as a witness to corroborate her statement. It was several weeks after the offense is said to have been committed and long after she had opportunity to complain. No complaint is made until March 1, 1873, more than three months after the wrong is said to have been done, and about three months and a half before her child was born. Her long silence is perhaps intended to be explained when she says the defendant threatened her life and the life of her father if she told any one of what he had done. But it does not appear that she had any good reason for fear on account of such threats, if made. She was twenty-one years old, resided with her father and was under his protection.

Though she was legally competent as a witness, these circumstances diminish the credit to be given to her testimony, and leave the question of the defendant's guilt in so much doubt that the jury were not authorized to render any other verdict than that of not guilty. And though the court cannot express any opinion as to the weight of the evidence, nor sum up the testimony on the trial before the jury, as they are the exclusive judges of the facts, yet, on a motion for a new trial, it is the duty of the court to set the verdict aside when it is contrary to the law and the evidence. (2 Wharton's Am. Cr. Law, 1149; 3 Greenleaf's Ev., 212; Pas. Dig., Arts. 3059, 3137, cause 9.)

We believe that the verdict is not supported by the evidence, and that the new trial should have been granted for that reason. For this cause, the judgment is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.