### A. N. COWLES v. THE STATE.

#### No. 3551.    Decided May 22, 1907.

**1.—Rape—Evidence—Exhibition of Feelings—Emotional Conduct.**

Upon trial for rape emotional exhibition of feelings and conduct by the prosecutrix, as well as statements by her some time after the alleged rape, etc., are not admissible as original testimony; there being no attempt to impeach her testimony.

**2.—Same—Insufficiency of Evidence—Out-Cry.**

Where upon trial for rape the evidence showed that the prosecutrix was over the age of consent, strong and in good health, and made no out-cry at the time of the alleged rape, the transaction occurring in a populous community; that there were no bruises or other evidence of violence; that she remained in appellant's house for several days thereafter, and that she did not disclose the fact of the alleged rape for two or three months, etc., and there was no corroboration as to the rape, the evidence is insufficient to sustain a conviction.

Appeal from the District Court of Hamilton. Tried below before the Hon. N. R. Lindsey.

Appeal from a conviction of rape; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*H. E. Chesley* and *Martin & George,* for appellant.—Upon question of admitting emotional conduct, etc.: Reddick v. State, 35 Texas Crim. Rep., 463. On question of insufficiency of evidence: Perez v. State, 16 Texas Ct. Rep., 521; Mooney v. State, 29 Texas Crim. App., 257; Rhea v. State, 30 Texas Crim. App., 483; Price v. State, 36 Texas Crim. Rep., 143; Arnett v. State, 40 Texas Crim. Rep., 617; Rushing v. State, 10 Texas Ct. Rep., 400; Dina v. State, 9 Texas Ct. Rep., 99.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was allotted six years in the penitentiary under a charge of rape.

Much conduct and emotional exhibition of feelings by the prosecu-

trix, as well as statements by her, were introduced in evidence. Some of these occurred months after the alleged rape, and some of them after appellant's arrest, and were detailed through the mouth of the mother of prosecutrix as original testimony. This was not permissible as original testimony. Sometime circumstances are such that this character of evidence is permissible to sustain the prosecutrix when impeached. The admission of this testimony was error.

It is contended that the evidence is not sufficient. We are inclined to agree with this contention. The prosecutrix testified substantially that on the day of the alleged rape she was forced to have carnal knowledge of the appellant about 3 o'clock in the evening at appellant's residence. This residence was within sixty yards of the postoffice and the store in which the postoffice was kept, and in less than one hundred yards of a number of private residences and storehouses; she was in her 18th year; weighed about 125 pounds; in good health; stoutly built, with short limbs and well developed muscularly; she made no out-cry. She further stated that appellant put his arms around her neck; she told him that she did not want him to do that way, but he laid or pushed her over backwards on the bed and had carnal knowledge of her. She was not in any way scratched, bruised or injured; he told her, however, if she informed on him he would kill her; that she remained in appellant's house after the intercourse the balance of the day attending to household duties, she being employed by appellant's wife as a nurse, and to assist about the house keeping. Appellant and his wife were school teachers; that prosecutrix remained in the house the following day; got dinner for appellant, appellant's wife being absent attending to her school duties, and when he came to dinner at the noon hour he again had carnal knowledge with her. After the second rape she buttoned up her clothes, washed up the dishes, and proceeded with her studies for the day, attending to her ordinary duties about the place. She remained in defendant's house the balance of that day doing household duties, as well as the following day, when appellant, at the noon hour, returned and again had carnal intercourse with her, after which she buttoned her clothes, and washed the dishes, and proceeded with her studies; that she remained in the defendant's house several days until her parents came and took her away to their home, which was twelve miles distant; and she remained at home for two or three months before she disclosed the fact that she had been raped, and she further testifies that she did not disclose it until she had been informed that appellant had told it in the community that he could do anything with her he pleased as well as with her sister. She further testified that after being at home for sometime, and about a week or such a length of time before she made complaint, she called the wife of appellant over the phone and requested her to send her clothing home, or to send it to the postoffice, which Mrs. Cowles refused to do; told her to come and get her clothes herself; that in this conversation over the phone she informed Mrs. Cowles if she did not send

the clothes she would send her husband to the penitentiary. She was in no manner corroborated, as to the rape, or as to any force or violence upon her. There was a considerable amount of testimony introduced to show that when her parents came for her she declined to go home, and they had to use parental authority as well as some degree of force to compel her to leave appellant's home. There is also some testimony introduced showing that after the alleged rape, and before leaving appellant's house, she expressed herself to one or more of the neighbors as being satisfied and pleased with her home at appellant's house. This is in substance the case. This is not sufficient evidence to authorize a conviction.

For the errors discussed, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Brooks, Judge, absent.