AUSTIN TYLER v. THE STATE.

No. 1480.    Decided January 10, 1912.

Rehearing denied February 14, 1912.

**Rape—Insufficiency of the Evidence—Force.**

Where, upon trial of rape, the evidence did not sustain a conviction of rape by force, there was reversible error; besides the charge of the court did not properly submit this issue.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*T. C. Turnley* and *O. S. York,* for appellant.—On the question of the insufficiency of the evidence: Topolanck v. State, 40 Texas, 160; Cowles v. State, 51 Texas Crim. Rep., 498; Price v. State, 36 id., 143; Bawlridge v. State, 45 id., 193.

*C. E. Lane,* Assistant Attorney-General, and *Miles Crowley,* County Attorney, for the State.—On the question of the sufficiency of the evidence: Battles v. State, 63 Texas Crim. Rep., 147, 140 S. W. Rep., 783.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of rape, his punishment being assessed at ten years confinement in the penitentiary.

Appellant, among other things, contends that the evidence is not sufficient to sustain the conviction. The girl, who at the time of the trial was eighteen years of age and beyond seventeen at the time of the alleged offense, testified that appellant, who was her father, in the absence of her stepmother, late in the evening took her into a room and forced her to comply with his wishes, and threatened to kill her if she ever told of the occurrence. This occurred on the 15th of September. She said nothing of the matter until it was discovered that she was pregnant. She states that on the 4th of December she divulged her secret to her stepmother; her stepmother suspecting that she was pregnant asked her if there was anything the matter with her, and this she denied. In November two doctors examined her and stated that she was pregnant. Subsequently, she made the statement to her stepmother that her father had had intercourse with her. She gave birth to a child on the 4th of the following May. She says the reason she did not tell it, that her father threatened her life.

The facts show that she went where she pleased pretty much. She could have told anyone or a number of parties, and that she could have told at any time her stepmother, who was constantly in the house with her. It is not the purpose of this opinion to go into a detailed statement of these facts. Under our statute and the decisions construing it, we are of opinion that this evidence does not sustain a conviction of rape by force. The questions involved have been so frequently discussed and decided by this court we deem it unnecessary to reiterate and review them. See Price v. State, 36 Texas Crim. Rep., 143; Baldridge v. State, 45 Texas Crim. Rep., 193; Cowles v. State, 51 Texas Crim. Rep., 498; Topolanck v. State, 40 Texas, 160. There are quite a number of other cases that might be cited, but these are sufficient.

There is a question raised with reference to the sufficiency of the

charge submitting the issue of force on the part of appellant, and resistance on the part of the woman. Taking the view we do of the case, it is unnecessary to review that question further than to say it does not sufficiently submit that issue.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Rehearing denied February 14, 1912.—Reporter.]