Wayne Terry v. The State.

No. 8050. Delivered December 3, 1924.

No motion for rehearing filed.

Rape—Evidence—General Reputation of Prosecutrix. ?

Viewing the case from the state's standpoint alone, the evidence of force and non-consent is not of the most conclusive nature. Appellant offered to prove by several witnesses, that the general reputation of prosecutrix at the time of the occurrence, for chastity was bad. The court erred in excluding this evidence. The bad reputation of the prosecuting witness for chastity, existing prior to the date of the crime, is always relevant in evidence to show that the sexual intercourse may have been consented to by her. [Underhill on Crime. Evidence, 3rd Ed., p. 857, sec. 621.]

Appeal from the District Court of San Saba County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for rape; penalty, five years in the penitentiary.

*Walters & Baker,* and *Mitch Johnson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is rape by force; punishment fixed at confinement in the penitentiary for a period of five years.

The subject of the rape is Edna Atchison. According to her testimony, she got into the car of the appellant at night time upon his declaration that he would remove the car from where it was parked on the street over to the court house where there was in progress an entertainment to which the sister of the prosecutrix and others who had been in company with her during the day were going. Appellant passed the court house and drove out into the country and there, according to her testimony, had intercourse with her.

The question at issue in the present case is whether there was carnal knowledge of the prosecutrix by the appellant without her consent. Upon such an issue experience demonstrates that the evidence of the prosecutrix demands careful scrutiny. Unexplained failure to

make outcry and delay in making complaint tend to show consent. The absence of visible evidence of injury to the prosecutrix by her alleged assailant or the spoiling or disarray of her garments are of probative value; and where the concealment of the alleged transaction extends to a time when circumstances render it impossible to hide it longer, its potency as against the idea of force is enhanced. See Ruling Case Law, Vol. 22, p. 1187, Sec. 19; also p. 1181, Sec. 12; Brown v. State, 7 Amer. & Eng. Ann. Cas., 258; Underhill's Crim. Ev., 3rd Ed., p. 847, Sec. 614.

The theory of the prosecution, coming from the testimony of the alleged injured female, is that the appellant assaulted her twice on the same occasion and penetrated her person. She at the time was in the back seat of a Ford automobile where, antecedent to the first assault, appellant had forcibly removed her from the front seat. On the first occasion, after the appellant had overcome all resistance and penetration had been effected to the extent of an inch, he voluntarily desisted, got out of the car and sat down on the fender. The prosecutrix in the meantime remained on the back seat of the car. During this time she made no outcry or effort to escape. This she explained by the statement that she knew of no one within hearing and that she was not familiar with the surroundings and that there was no house in view. After a time appellant resumed his assault and fully accomplished the sexual act. Following this the prosecutrix arranged her clothing and changed her position from the back to the front seat while the appellant cranked the car, and together they drove to town, which was two or three miles distant from the scene of the alleged assault. They met the grown brother of the prosecutrix who, together with several companions, was driving in an automobile upon the streets. No complaint or disclosure of the assault was made, and no aspect of the prosecutrix revealed it. Appellant and the prosecutrix drove to a point on the street near a filling station. While standing there appellant left the car and another young man came to it. He and the prosecutrix engaged in a conversation, none of which related to the assault and continued for some time. Upon the return of the appellant, he got in the automobile and the car was driven to a point on the public square where the sister and brother of the prosecutrix and other friends were coming out of or had just come out from a place of entertainment. The prosecutrix got out of the car in which she had been riding with the appellant and got in the car driven by her brother and sat with him while the other seat was occupied by her sister and others. They drove to her home which seems to have been a distance of about an hour's ride. She claims to have been crying but her companions failed to observe it. No disarray of her apparel was discerned by her companions. She concedes that she made no disclosure of the assault. After she had reached her home where her parents resided, she related to her sister

the fact that the appellant had raped her. According to her sister, however, no concern or distress was manifested, and the sister gave the occurrence but little thought. On the following morning the prosecutrix went into more detail, stating that the appellant was drunk. Upon the request of the prosecutrix, her sister refrained from reporting the matter to the other members of the family until some four months later when it became evident that the prosecutrix was pregnant with a child. The sister then, upon the demand of the mother, disclosed the knowledge which she claims was imparted to her by the prosecutrix on the night of the assault, and the appellant's arrest followed.

Witnesses for the appellant testified that after the return of the appellant and the prosecutrix to town they saw them and noticed no signs of distress upon the part of the prosecutrix; that she sat in the car with a young man and engaged in conversation with him for some forty minutes in which she manifested no signs of distress but appeared to be in her usual spirits.

Appellant testified that the prosecutrix accepted his invitation to go riding; that after reaching a point in the country the car was stopped and the lights turned out; that he and the prosecutrix sat upon the front seat and engaged in conversation, laughter and talk; that while sitting there he fondled her person with her consent and finally asked her to get on the back seat to which she consented and voluntarily did so. There was mutual hugging, kissing and fondling of her person. She removed her bloomers and they engaged in the act of intercourse. After a few minutes they engaged in the second act of intercourse, after which they returned to town and went to the court house where she joined her companions and departed with them. Appellant later received a letter from her while at Temple, which he did not regard as urgent, in which she said that she would like to see him and talk to him whenever he returned to the community.

The prosecutrix, explaining her silence at the time of the alleged occurrence, said that she knew of no one within hearing; that her failure to escape was due to the fact that she was not familiar with the way back to town; that upon meeting her brother she did not report it to him because she feared it would make trouble, and that for the same reason she refrained from informing her parents of the outrage. Her detailed description of the transaction is perhaps justly criticised by the appellant's counsel as wanting in that degree of resistance which one of her strength and in her alleged circumstances would put forth. See P. C., Art. 1064, also Brown v. State, 7 A. & E. Ann. Cas., 260. Bishop's New Crim. Law, 9th Ed., Vol. 2, Sec. 1122, subdivision 5.

It appears from the testimony that the prosecutrix, who was something over nineteen years of age, had, with the exception of a short time resided with her parents at Hall Valley for some five years, and

that she resided there at the time the offense was charged to have been committed. Several witnesses who resided in that community testified that they had known her for several years were proffered by the appellant to show that on the date of the alleged offense and prior thereto her general reputation for virtue and chastity in that community was bad. This testimony was rejected upon technical grounds. From one of the bills we quote:

"While the witness Lena Mae McCurdy was testifying in behalf of the defendant upon the trial of said cause and after said witness had testified that she now lived in the town of Hall Valley and had resided in said town practically all of her life—about sixteen or seventeen years—and that she was acquainted with the prosecutrix, Edna Atchison, the following question was propounded to her by counsel for the defendant:

" 'Were you acquainted with her general reputation for virtue and chastity on March 31st, 1922?' to which question the State, through her District Attorney, objected for the reason that the same was immaterial, irrelevant and no proper predicate laid, which objection was by the Court then and there sustained.

"That had said witness been permitted to answer said question she would have testified that she was acquainted with the general reputation of said prosecutrix, Edna Atchison, for virtue and chastity in said community of Hall where said prosecutrix resided, and that such reputation was bad on March 31st, 1922."

The objection fails to state and we are not able to perceive in what particular the predicate was inadequate.

"The bad reputation of the prosecuting witness for unchastity existing prior to the date of the crime is always relevant in evidence to show that the sexual intercourse may have been consented to by her." (Underhill's Crim. Ev., 3rd Ed., p. 857, Sec. 621.)

See also Shields v. State, 32 Texas Crim. Rep., 498; Tyler v. State, 46 Texas Crim. Rep., 10; Shoemaker v. State, 58 Texas Crim. Rep., 518.

It is believed that under the circumstances developed, the court was not warranted in sustaining the objection which was made to the testimony. Several other witnesses would have given like testimony but their evidence was excluded upon similar grounds.

Taking into account the State's testimony alone, the evidence of force and non-consent is not of the most conclusive nature, and the improper conclusion of material and relevant testimony upon that issue is deemed of such importance as to require a reversal of the judgment.

The criticism of the charge in the brief cannot be considered as they are based upon no exceptions taken at the time of the trial. As presented, the other bills found in the record reveal no error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*