# JANUARY, 1925.

### JOSE LOPEZ v. THE STATE.

#### No. 8782.   Delivered January 14, 1925.

#### Rehearing denied, February 18, 1925.

**1.—Rape Under Age—Age of Prosecutrix—Sufficiently Established.**

Appellant was convicted for rape upon one Ella Dicke, who was alleged to be under the age of consent. Under the undisputed evidence, prosecutrix was an unchaste female, and the state was not entitled to a conviction unless it established an act of intercourse between her and appellant, before her fifteenth birthday. The court so instructed the jury, and they found against appellant.

**2.—Rape—Evidence—Must Show Prosecutrix Not Appellant's Wife.**

Complaint is made that the evidence does not negative that prosecutrix was appellant's wife at the time of the act of intercourse relied upon by the state. We cannot agree to such contention. Prosecutrix testified that she was not married to appellant. It is clearly shown that prosecutrix had never been married to appellant. The evidence is sufficient to sustain the conviction.

Appeal from the District Court of Uvalde County. Tried below before the Hon. R. H. Burney, Judge.

Appeal from a conviction for rape upon one Ella Dicke, alleged to be under the age of consent; penalty, eight years in the penitentiary.

The opinion states the case.

*Will Glover*, of Uvalde, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appeal is from a conviction for rape upon one Ella Dicke, who was alleged to be under the age of consent. Penalty eight years in the penitentiary.

No error was committed in refusing the requested charge to the effect that prosecutrix was unchaste since her first act of intercourse with appellant, or with any other man. It contained a correct proposition of law, but the learned trial judge had obviated any necessity for such instruction by the wording of his general charge. Under the undisputed evidence prosecutrix was an unchaste female, and the state was entitled to no conviction unless it established an act of intercourse between her and appellant before her fifteenth birthday. The court so instructed the jury, and also told them she had become unchaste long prior to that date.

Appellant makes no contention that the evidence is insufficient save that he avers it fails to show prosecutrix was not appellant's wife between July 1st and 16th, 1923, this being the time relied on by the State as the date of the offense. Prosecutrix testified that she was not married to appellant, but that he was the father of one child born to her when she was fourteen years old, and was at the time of trial again pregnant by him. We deem it unnecessary to set out the evidence further, but regard it as clearly showing that prosecutrix had never been married to appellant. He did not testify himself and offered no defensive evidence.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The indictment was returned on the 26th day of March, 1924.

The prosecutrix, Ella Dicke, testified that she was fifteen years of age on the 16th of July, 1923; that the last time she had intercourse with the appellant was in the early part of July, 1924, and that at the time of the trial, which took place in April, 1924, she was pregnant with a child. She testified that the appellant had intercourse with her in February, 1923, and at other times later and prior to July of that year. She also testified that two years before she had had intercourse with the appellant and that their relations resulted in the birth of a child on the 7th of November, 1922. In her cross-examination, the prosecutrix reiterated her statement that the last act of intercourse with the appellant occurred in July, 1923. On both direct and cross-examination she declared that she could not fix the exact date but that it was in the first part of July, 1923, and before her birthday.

The prosecution was confined to the alleged act of intercourse in July, 1923, and the jury was instructed that the prosecutrix was of unchaste character, and by which charge it was made plain to the jury that if the act of intercourse relied upon took place after the 16th of July, 1923, there should be an acquittal.

The prosecutrix testified specifically that she was not the wife of the appellant.

Appellant insists that applying the evidence in the present case to the principle which requires that the testimony of the prosecutrix be carefully scrutinized, her testimony does not overcome the presumption of innocence. Reference is made to the cases of Gazley v. State, 17 Texas Crim. App., 267, and Charles v. State, 196 S. W. Rep., 179. The rule stated is regarded as sound and has been given effect many times, including the recent case of Terry v. State, 266 S. W. Rep., 511. Its application to the present facts, however, is not clear.

The question at issue is not whether the act of intercourse took place or whether there was consent, but whether the date of it was antecedent to the fifteenth birthday of the prosecutrix. That is to say, the supporting testimony as to opportunity and association is such that even if the law demanded corroboration, which it does not demand, this court would not be warranted in overturning the finding of the jury, sanctioned by the trial court, upon the ground that the sexual relations between the prosecutrix and the appellant were not proved. See Nash v. State, 61 Texas Crim. Rep., 259; Slaughter v. State, 86 Texas Crim. Rep., 527.

On the question of date, her testimony alone is given. The particular time that the act of intercourse took place is of a nature which would render it difficult to fix by testimony other than that of the prosecutrix. The surrounding circumstances showing the opportunity were at hand as was also the previous intimacy of the parties. There is no controverting testimony, and it is not believed that any violence was done the principle stated in the authorities mentioned in refusing, upon the original hearing, to set aside the judgment of affirmance.

The motion for rehearing is overruled.

*Overruled.*