## WHITE v. STATE.  (No. 8671.)

(Court of Criminal Appeals of Texas.    March 11, 1925.)

Criminal law ⬅️⟹438—Exclusion of kodak pictures showing subsequent incriminating attitude of prosecutrix with accused and companion held prejudicial error.

Where prosecutrix made no complaint of forceable rape until her obvious pregnancy made further concealment impossible, kodak pictures showing her in incriminating postures with accused and another alleged participant in her ravishment *held* erroneously excluded, in view of her admissions of frequent subsequent acts of intercourse with both men and other circumstances in evidence reflecting the improbability of her explanation that delay in making complaint was because of defendant's threats.

Appeal from District Court, Wichita County; H. R. Wilson, Judge.

John White was convicted of rape, and he appeals. Reversed and remanded.

Kilgore, Montgomery, Carrigan & McMahon, of Wichita Falls, for appellant.

James V. Allred, Dist. Atty., of Wichita Falls, and Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J.    The offense is rape; punishment fixed at confinement in the penitentiary for a period of 12 years.

The indictment charged rape by force. The theory of the state, coming from the testimony of the prosecutrix, is in substance that, while she, in company with one Anderson, was riding in an automobile, she was overtaken by the appellant, who, with the assistance of Anderson, forcibly had carnal knowledge of her.    In her testimony it is conceded that after the occurrence she went to her home, at which were present both her mother and her father; that she made no report to either of them of the outrage; that some of her clothes were in disarray, but these she secreted until she had an opportunity to cleanse and repair them.

The date of the alleged offense was May 6th.    Its disclosure to the members of the family took place on September 8th, at which time the pregnant condition of the prosecutrix elicited inquiry from her mother.    The explanation made by the prosecutrix of the failure to make earlier complaint was the alleged fact that she was a Catholic, and that the appellant and Anderson represented themselves to be members of the Ku Klux Klan, and enjoined her not to reveal the outrage upon the threat of injury to her father. She declared that the outrage was her first act of intercourse, but said that, subsequently and before the disclosure, she had had intercourse on numerous occasions with both Anderson and the appellant. After the occurrence, she was a frequent visitor at the home of the appellant, who was a married man.    On the night following the occurrence she accompanied Anderson to an entertainment, and had intercourse with him on the next night.    She also admitted that she had denied that any one had had intercourse with her.

The mother testified that upon the return of the prosecutrix upon the night of the occurrence some indications of distress were noticed, and that the waist of the dress of the prosecutrix was torn.    This she said was because the dance which she had attended was rough.

The mother also testified that the wife of the appellant, in June before the disclosure in September, exhibited some pictures to her, and that the witness taxed Anderson with his connection with the pictures, and she was told by her daughter that Anderson had taken her to the river where the pictures were taken.    The prosecutrix said that, after the time of the alleged offense, Mrs. White brought to her some pictures which were taken some 5 or 6 weeks subsequent to the date of the alleged offense.    Mrs. White told the mother of the prosecutrix about the prosecutrix having had pictures taken with the husband of Mrs. White, and the mother told her daughter that she should be ashamed of herself, but made no inquiry as to her relations with the appellant.    A valentine which the prosecutrix had sent to John White was exhibited upon the trial.

Anderson testified in substance that, while on his way home with the prosecutrix, they were overtaken by the appellant; that upon hearing the appellant "honk" the prosecutrix asked that she be allowed to get in the car with him; that she did get in the car with the appellant, and after a time returned to the car of Anderson and was taken by him to her home.

A witness by the name of Williams testified to sexual relations with the prosecutrix antecedent to the date of the alleged offense.

Appellant offered to introduce in evidence the pictures to which reference has been made, and complaint is made in a bill of ex-

---

ceptions to the refusal to receive them. There were five kodak pictures. One of them revealed two men standing by while two other men were lying down on the ground with the prosecutrix between them and with her arms around the neck of each. A bottle was in the hand of one of them. The two men lying down were identified as the appellant and Anderson. Another picture portrayed the prosecutrix sitting upon Anderson's lap with her arms around his neck. Another picture represented her in company with the appellant and in a similar manner. The exclusion of these pictures was upon the ground that they were taken subsequent to the date of the alleged offense.

The testimony showing opportunity for the disclosure of the outrage and the long concealment of it, even extending to the time that the pregnancy of the prosecutrix rendered it impossible to longer prevent its discovery, rendered the explanation of the delay important to the state. See Ruling Case Law, vol. 22. p. 1187, § 19; also page 1181, section 12; Brown v. State, 127 Wis. 193, 106 N. W. 536, 7 Ann. Cas. 258; Underhill on Crim. Ev. (3d Ed.) p. 887, § 614; Terry v. State (Tex. Cr. App.) 266 S. W. 511; Breiger v. State (Tex. Cr. App.) 269 S. W. 100, No. 8126, not yet (officially) reported.

The explanatory evidence relied upon was the alleged threats made by the appellant and by his companion Anderson. The same explanation was made of the subsequent relations with Anderson and the appellant, proof of which was made without objection.

The testimony of the mother of the prosecutrix that she had no knowledge of the outrage, although certain pictures had been exhibited to her by the wife of the appellant was before the jury at the instance of the state. The pictures would have had some weight against the explanatory testimony of the prosecutrix and that of her mother. The incriminating attitude in which the pictures revealed the prosecutrix with the appellant, both alone and in company with Anderson, might have been regarded by the jury as inconsistent with the theory of the state, coming from the testimony of the prosecutrix, that her failure to disclose the outrage which she detailed was due to the fear of the appellant and Anderson.

The failure of the prosecutrix to yield to the natural impulse of revealing the outrage and denouncing the offenders at the first opportunity, her suppression of the facts until circumstances made an explanation of her condition imperative, and the nature of her explanatory testimony, impels us to regard as important the excluded testimony which, together with her own admissions touching her subsequent relations with the appellant and Anderson, tends to controvert the explanation of the failure to disclose and render improbable the theory of nonconsent.

Having in mind the entire record, the exclusion of the photographs mentioned is deemed unwarranted and prejudicial to the accused.

The judgment is reversed and the cause remanded.