LONELLE GOODWELL v. THE STATE.

No. 14887.   Delivered May 11, 1932.

The opinion states the case.

*Holland & Cousins, of Beaumont,* and *B. F. Creel,* of Kountze, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape by force; penalty assessed at death.

The following is in substance the testimony of the prosecutrix, Annie Pecora. On the 25th of February, 1931, while she was sick in bed, the appellant entered her room and by force and over her protest and resistance, had a complete act of intercourse with her. On the same day, about three o'clock in the afternoon, under like circumstances, he repeated the assault with the same result. The appellant was a negro and had been employed as a laborer upon the farm of the father of the prosecutrix. Her father was a dairy man and had a number of cows, sixty-five of which were giving milk. At the time of the occurrence, about eight or nine o'clock in the morning, the sister and stepmother of the prosecutrix were on the premises, either milking or preparing to milk the cows. They were at the barn some 300 feet from the house.

The father of the prosecutrix testified that on the morning of the 25th of February, he went to Beaumont with a load of milk and returned apparently on the same evening. He heard nothing of the assault from the prosecutrix or from any other source, and knew nothing of the assault until after the appellant's arrest. According to the witness, the appellant was present on the premises in the morning at the time the witness started to Beaumont.

The prosecutrix testified that she made some outcry but that the appellant placed his hand over her mouth to obstruct the sound. Neither the stepmother nor the sister of the prosecutrix was used as a witness by the state. Where they were at the time of the second alleged assault is not disclosed by the prosecutrix or by any testimony in the case. No report of either assault was made by the prosecutrix until about two months after the date of the alleged offense, namely, on the 2nd day of May, 1931, when she reluctantly yielded to the importunities of her stepmother and revealed the assault. The stepmother's interest in the matter was occasioned by the fact that she had become aware that the menses of the prosecutrix had ceased. The prosecutrix said that her reluctance to report the assault and her failure to disclose it was due to the fact that appellant had stated that if she disclosed it, he would harm her and also harm her family; and she knew that he carried a pistol. The prosecutrix was with a child at the time she disclosed her condition to her stepmother.

The appellant testified in his own behalf and denied his guilt. He denied any assault upon the prosecutrix and claimed that at the time of the alleged assault he was not engaged in working for the father of the prosecutrix but was at the home of his mother in town some distance from where the Pecora family lived. In that claim the appellant was supported by the testimony of his mother, as well as his wife. The appellant also claimed in his testimony that due to an attack of mumps he had lost all desire for sexual contact; that he only engaged in it on rare occasions as he had no desire for it. He claimed that he had been married twelve years and his wife had never given birth to a child by him. She had borne a child before her marriage to the appellant. The appellant's wife corroborated him with reference to his lack of desire for sexual intercourse. The brother of the appellant also supported his theory of alibi.

Mr. Branch, in his Ann. Tex. P. C., page 1002, sec. 1784, deduces from a number of the decisions of this court collated by him, the following: "A conviction will not be sustained on the uncorroborated testimony of a woman who waits too long before she announces her decision that she had been raped, especially if she has met persons who would have given her protection, or where she went with defendant after the supposed rape, or where her pregnancy or her being detected in the act was a motive of her statement."

"A conviction will not be sustained on the uncorroborated testimony of a woman who failed to make prompt outcry, and where if her testimony was true it was susceptible of corroboration, or where facts stated by her which were capable of corroboration were disproved."

Among the cases cited are Lawson v. State, 17 Texas App., 304; Cowles v. State, 51 Texas Crim. Rep., 498, 102 S. W., 1128; Rhea v. State, 30 Texas Crim. Rep., 485, 17 S. W., 931. Among the later decisions of this court supporting the text are Terry v. State, 98 Texas Crim. Rep., 540, 266 S. W., 511; Davis v. State, 100 Texas Crim. Rep., 617, 272 S. W., 480; Breiger v. State, 99 Teras Crim. Rep., 292, 269 S. W., 100; White v. State, 99 Texas Crim. Rep., 339, 269 S. W., 792, 793.

Touching the importance of the delay in reporting the outrage or the failure to disclose it, the following quotation is taken from the case of White v. State, supra: "The testimony showing opportunity for the disclosure of the outrage and the long concealment of it, even extending to the time that the pregnancy of the prosecutrix rendered it impossible to longer prevent its discovery, rendered the explanation of the delay important to the State. See Ruling Case Law, vol. 22, p. 1187, sec. 19, also page 1181, section 12; Brown v. State, 127 Wis., 193, 106 N. W., 536, 7 Ann. Cas., 258; Underhill on Crim. Ev., 3rd Ed., p. 887, sec. 614; Terry v. State, 98 Texas Crim. Rep., 540, 266 S. W., 511; Breiger v. State, 99 Texas Crim. Rep., 292, 269 S. W., 100."

The suggestion of danger to herself or her family due to the claim of threats of the appellant is very much minimized by the state of the record from which it is understood that during the long delay intervening between the alleged assault and its disclosure, the appellant was not on the premises or near them. As understood, it is not claimed by the prosecutrix that after the outrage the appellant remained upon the premises or was in a position to carry into effect the threats which she claims he made.

Among the grounds for a new trial, the appellant relies upon article 753, subdivision 6, in which it is said: "Where new testimony material to the defendant has been discovered since the trial. A motion for a new trial on this ground shall be governed by the rules which regulate civil suits."

The motion is supported by several affidavits, and in form complies with the statutory demand, though the averments of diligence do not come up to the full measure of the practice in this court. In instances where the death penalty is assessed, this court, while obliged to obey the rules laid down by statute, has felt itself constrained to relax the judge-made rules concerning the application of the statute. In the present instance, the new evidence is deemed of some importance. In view of the manifest weakness of the state's proof, it might well have impelled the trial court to have granted a new trial. Among other things was a purported letter claimed to have been written by the prosecutrix to the appellant after the date of the alleged offense. Several persons made affidavit that they resided near the family of which the prosecutrix was a member; that at times the appellant, who was called "Frenchy," and another negro, called "Senegar," were employed; that in their associations with members of the family, including the prosecutrix, there was no discrimination between white and colored persons. The prosecutrix and her family were of foreign descent. According to the affidavits, they treated negroes as members of the family. The prosecutrix had told one of the witnesses that she loved "Frenchy." In one of the affidavits is the statement that the intimacy of the family in their relations with negroes was so offensive and repulsive as to cause the family to be shunned by their white neighbors. The affidavits contain statements that the members of the family, including the prosecutrix and her sister, were frequent visitors to the home of "Frenchy" (appellant) and his wife.

Upon the record before us, especially upon the failure of the prosecutrix to avail herself of the opportunity to make outcry or to disclose the assault and the failure of the state to give adequate explanation of her silence, it is thought that the evidence is not sufficient to support the verdict.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*