J. A. PIERCY v. THE STATE.

No. 17560. Delivered May 8, 1935.

The opinion states the case.

*J. G. Anderson,* of Fairfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for thirty-five years.

Prosecutrix, Ella Piercy, is the daughter of appellant. At the time of the alleged assault she was about twenty years of age. According to her testimony, she had been ill with malarial fever, having been confined to her bed at intervals for about two months. At 6 p. m., June 8, 1934, appellant came to her room where she was lying in bed and had sexual intercourse with her. Her mother, a nineteen-year-old sister and two brothers, one of whom was fifteen years of age and the other twelve, were just outside of the house at the time of the assault. Prosecutrix says she cried and told appellant that she would tell her mother. Appellant told her if she did she would not live to tell anyone else. Appellant had theretofore threatened her and she was afraid of him. She testified: "I used force to resist him. I used all the force I had. I was very weak from being sick so long but I used all the force I had." She did not describe the manner in which she resisted. As appellant was leaving the room her mother came in. She did not tell her mother what had occurred and did not report the matter until she became pregnant, although she had many opportunities to make complaint. Prosecutrix testified, further, that in March, 1934, appellant had had sexual intercourse with her while she was in the bathroom. She said: "I had intercourse with my father on that date because I was forced to." She did not show in her testimony the manner in which she resisted. She made no outcry on either occasion. Testifying in his own behalf, appellant denied that he had ever had sexual relations with prosecutrix.

We deem the evidence insufficient to support the conviction. The facts are very similar to those shown in Tyler v. State, 143 S. W., 620, in which the punishment was assessed at ten

years confinement in the penitentiary upon conviction for rape. We quote from the opinion in that case as follows:

"Appellant, among other things, contends that the evidence is not sufficient to sustain the conviction. The girl, who at the time of the trial was 18 years of age, and beyond 17 at the time of the alleged offense, testified that appellant, who was her father, in the absence of her stepmother, late in the evening, took her into a room and forced her to comply with his wishes, and threatened to kill her if she ever told of the occurrence. This occurred on the 15th of September. She said nothing of the matter until it was discovered that she was pregnant. She states that on the 4th of December she divulged her secret to her stepmother. Her stepmother, suspecting that she was pregnant, asked her if there was anything the matter with her, and this she denied. In November two doctors examined her and stated that she was pregnant. Subsequently she made the statement to her stepmother that her father had had intercourse with her. She gave birth to a child on the 4th of the following May. She says the reason she did not tell it was that her father threatened her life.

"The facts show that she went where she pleased, pretty much. She could have told any one of a number of parties, and she could have told at any time her stepmother, who was constantly in the house with her. It is not the purpose of this opinion to go into a detailed statement of these facts. Under our statute and the decisions construing it, we are of opinion that this evidence does not sustain a conviction of rape by force. The questions involved have been so frequently discussed and decided by this court we deem it unnecessary to reiterate and review them. See Price v. State, 36 Texas Crim. Rep., 144, 35 S. W., 988; Baldridge v. State, 45 Texas Crim. Rep., 193, 74 S. W., 916; Cowles v. State, 51 Texas Crim. Rep., 498, 102 S. W., 1128; Topolanck v. State, 40 Texas, 160. There are quite a number of other cases that might be cited, but these are sufficient."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.