**Joe VILLAREAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48737.**

Court of Criminal Appeals of Texas.

July 17, 1974.

---

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert Ross, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant was charged with the offense of rape, but under appropriate instructions the jury found him guilty of the lesser included offense of assault with the intent to commit rape. Punishment of imprisonment for two years was assessed. The appellant asserts that the evidence presented at his trial was insufficient to support the jury's verdict because the prosecutrix failed to make an outcry or a prompt report of the alleged act and there was no other evidence which corroborated her testimony.

The appellant, whose wife and the prosecutrix were employed by the same employer, had with his wife visited in the prosecutrix's home on two or more occasions. The prosecutrix recognized the appellant when he appeared at her apartment door at 3:00 a. m., and during the ensuing conversation she opened the door. The appellant grabbed her, pointed a gun at her chest, and then by force and threats made her submit to an act of sexual intercourse. After the appellant left her apartment, she telephoned a person she referred to as her cousin and told him of the incident. Her cousin said he would come to see her immediately. While waiting for her cousin, she heard a prowler and called the police. A police officer arrived, and she told him about the prowler. When her cousin joined them, she told the officer about the rape.

The testimony of the prosecuting witness in a rape case need not be corroborated except where there is neither an outcry nor a prompt report of the act. White v. State, 478 S.W.2d 506 (Tex.Cr.App.

1972). A conviction for rape may not be sustained if it is based upon the uncorroborated testimony of a prosecutrix who failed to make an outcry or prompt report of the rape when there was a reasonable opportunity to do so. Carter v. State, 506 S.W. 2d 876 (Tex.Cr.App.1974); Uhl v. State, 479 S.W.2d 55 (Tex.Cr.App.1972); Ex parte Merrill, 150 Tex.Cr.R. 365, 201 S.W. 2d 232 (1947). The basis of this rule is that the failure to make an outcry or promptly report the rape diminishes the credibility of the prosecutrix; however, the prosecutrix may explain the reason for no outcry or the failure to make a prompt report, and the reasonableness of her action is for the jury to determine. Ex parte Merrill, supra. Moreover, the rule requiring corroboration of the testimony by a prosecutrix who fails to promptly report the rape is applicable only when consent is an issue. Hindman v. State, 152 Tex.Cr.R. 75, 211 S.W.2d 182 (1948); Carter v. State, supra; and Uhl v. State, supra.

 Appellant contends that the failure of the prosecutrix to tell the policeman of the rape when he first arrived was a failure to make a prompt report, and since there is no other evidence to corroborate the prosecutrix, the evidence is insufficient to support the conviction. Appellant points out that neither the prosecutrix's cousin nor the doctor who examined her after the rape testified at the trial. Appellant relies principally on Goodwell v. State, 120 Tex. Cr.R. 506, 49 S.W.2d 808 (1932) to support his contention.

In *Goodwell* the prosecutrix made no disclosure of the alleged rape until two months after she said that it had occurred, even though other persons were in the same house at the time of the attack. In the case at bar, the prosecutrix called her cousin immediately after the appellant left her apartment. Also, she reported the attack to the police approximately twenty-five minutes after it occurred. The police officer, who responded to her initial report of a prowler, testified that when he came to the apartment the prosecutrix was quite nervous and seemed to be holding something back. After her cousin arrived minutes later, she told the officer that appellant had raped her. We hold that the evidence shows this prosecutrix did make a prompt report of the rape to the police officer. See Thomas v. State, 476 S.W.2d 305 (Tex.Cr.App.1972); Lacy v. State, 412 S.W.2d 56 (Tex.Cr.App.1967); Wright v. State, 364 S.W.2d 384 (Tex.Cr.App.1963). Further, since the appellant relied upon an alibi defense and there was no issue of consent presented, the rule requiring corroboration of the testimony of the prosecutrix in order to sustain a conviction was not applicable. Hindman v. State, supra; Carter v. State, supra; Uhl v. State, supra. The jury heard all the testimony, including the appellant's defense of alibi, and chose to believe the prosecutrix. The evidence is sufficient to support the verdict of the jury.

The judgment is affirmed.

Opinion approved by the Court.