JOHN RHEA v. THE STATE.

*No. 3857.   Decided November 28.*

**Rape—Evidence.** —See evidence held wholly insufficient to support a conviction for rape.

APPEAL from the District Court of Bell. Tried below before Hon. W. A. Blackburn.

Appellant was convicted of rape in the court below, the punishment being assessed at sixteen years in the penitentiary. The opinion of the court sufficiently states the evidence.

*McMahon & McMahon* and *Makemson & Robertson*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This appeal is from a judgment of conviction for rape, the punishment having been assessed at sixteen years in the penitentiary.

Appellant was a hired hand of the husband of the prosecutrix, and according to her testimony, which was the only testimony pertinently going to establish the transaction, her husband had left home on the day of the alleged offense. Her children had gone to school.

About 10 o'clock she was getting dinner in the kitchen. Defendant came in, and while she was stooping over, fixing a pot on the fire, caught her on the shoulder and under the arms, and dragged her to the bed, and pushed her over on the bed, and ravished her so quickly that she did not have time to do anything. Held her down with one hand and pulled up her clothes with the other, and outraged her. She says she resisted all she could, and told him he ought to be ashamed to treat her that way; called out, and talked loud to him; tried to push him off with her hands, but could not. That she was in bad health at the time; had been in feeble health for some time. That after defendant accomplished his purpose he went back to the field, and she finished getting dinner. He returned and ate his dinner—she on one side of the table, and he on the other. She ate no dinner, but took about two bites.

After dinner his efforts by persuasion to have carnal intercourse with her again caused her to go off to the house of a neighbor, where she staid until her husband came that evening and took her home. This neighbor's house was within two or three hundred yards of where she lived. She said nothing to her neighbor, Mrs. Wambledarf, nor to that lady's husband, about having been ravished. They noticed nothing unusual in her manner and appearance. She appeared to be in her usual humor.

While she was at this neighbor's house defendant came by, and stated that he was going to the little village of Troy, and asked her if she wanted anything. She told him that she did not, and he went away. She went back home that evening, when her husband came. Defendant came home about dark, and they all ate supper together. Defendant brought candy home with him, and gave it to the children. After supper she prepared a bed for defendant to sleep in. He slept with one of the boys, in an adjoining room to that occupied by her husband. She slept with her husband, but did not say anything to him about what defendant had done to her.

Next morning, when her husband and his neighbor friend were going over to Temple, she told her husband to pay the defendant off, and not

leave him at the place with her, which he did.  She did not then tell her husband or his friend that she had been ravished by the defendant.

The second evening, she says, 'after supper, she and her husband went to bed, and she then for the first time told him what had been done by the defendant.  She told him all about it.  That evening, before she came home, she had told her mother about it.  These are the important principal facts in the case.

Is the evidence sufficient to warrant the verdict and judgment?  We are of opinion that it is not.  In addition thereto, the witness Mr. Wambledarf testifies that at the time the prosecutrix alleges the offense was committed he was at work on the roof of a barn, about two hundred yards off, and in plain view of the house where the rape is said to have occurred.  He heard no outcries from the house, which he might have heard if they had been uttered.  As before stated, when the prosecutrix reached Wambledarf's house she made no complaint to Mrs. Wambledarf or her husband.  Her clothes were in no manner torn or disarranged.  They noticed nothing unusual in her appearance.  Another fact of more or less significance is, that after she informed her husband he went to town for the purpose of instituting a prosecution against the defendant, and actually filed a complaint against him, not for rape, but for assault with intent to rape.

Mr. Greenleaf says:  "The party injured is legally competent as a witness, but her credibility must be left to the jury upon the circumstances of the case which concur with her testimony: for example, where she is a person of good fame; where she made complaint of the injury as soon as practicable, or without any inconsistent delay; where the place was remote from passage, or secure from interruption; and where the offender fled, and the like.  * * *  On the other hand, if she concealed the injury for any. considerable time after she had opportunity to complain, or if the act was done in a place where other persons might have heard her cries, but she uttered none,  * * *  these circumstances, and the like, will partially diminish the credit to be given her testimony by the jury."   3 Greenl. Ev., 13 ed., sec. 212.

In the case of Pefferling v. The State, 40 Texas, 486, which was a case of assault with intent to rape, Judge Moore says:  "In prosecutions of this character the proof of the offense depends very frequently upon the testimony of the party alleged to have been outraged, and in most cases to a very great extent upon the truth and credibility of her evidence, and unquestionably every reasonable test should be applied to her integrity for the safety of the accused.  Hence the failure to make outcry or call for aid when it might have been readily obtained, or within reasonable time to discover the offense after an opportunity to do so, are circumstances tending to discredit her testimony.  * * *  It has therefore been universally held that recent complaint by the person injured, her state and appearance, marks of violence, and the

condition of her dress shortly after the alleged occurrence, may be proved as original evidence." See also Rogers v. The State, 1 Texas Ct. App., 188.

In Topolanck v. The State, 40 Texas, 160, it was held that a conviction for rape would not be sustained upon the unsupported testimony of the woman injured, who did not divulge the outrage for several weeks after it was perpetrated.

We are also of the opinion that the evidence fails to show that degree of resistance necessary to meet the "force" required by our statute to constitute rape. Penal Code, art. 529. "Something more than the failure of consent on the part of the woman is required to constitute the offense of rape by force. There must be resistance made by her. The whole subject of resistance is referable to the consent of the female. A feigned resistance would not show want of consent, while an unfeigned positive resistance would." Willson's Crim. Stats., sec. 907.

As was said by Hurt, J., in Mooney's case, 29 Texas Court of Appeals, 257: "Threats apart, every exertion in her power, under the circumstances, must be made to prevent the crime, or consent will be presumed. This is the general rule." Mr. Bishop says: "Though she objects verbally if she makes no outcry and no resistance, she, by her conduct, consents, and the carnal act is not rape in the man." 2 Bish. Crim. Law, 7 ed., sec. 1122. Mr. Greenleaf further remarks: "The allegation of force and the absence of previous consent is proved by any competent evidence showing that either the person of the woman was violated, and her resistance overcome by physical force, or that her will was overcome by the fear of death or by duress. In either such case the crime is complete, though she ceased all resistance before the act itself was finally consummated." 3 Greenl. Ev., 13 ed., sec. 211.

None of the most important necessary *indicia* of rape as laid down by the books are to be found in the evidence before us in this case, and the testimony of the prosecutrix is uncorroborated as to the main fact by any fact which would warrant us in sustaining the verdict and judgment.

It is unnecessary for us to discuss and decide other questions raised by appellant. Because we are of opinion that the evidence is wholly insufficient to warrant the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.