### Manuel Perez v. The State.

No. 3262.    Decided May 9, 1906.

**1.—Rape—Want of Consent—Judge.**

Upon a trial for rape there was no error in the action of the court suggesting to the district attorney to prove prosecutrix's want of consent.

**2.—Same—Argument of Counsel—Married Woman.**

Upon a trial for rape there was no force in the objection by defendant to the argument of the district attorney that prosecutrix was a married woman; the defendant insisting that this matter had to be proved by written evidence.

**3.—Same—Motion for New Trial—Name of Injured Party—Variance.**

Upon a trial for rape where the indictment charged the offense was committed upon Juana Mareles, and the evidence showed that prosecutrix answered to that name and was known thereby, although she stated that she was the wife of Plutarco Navarro, there was no force in appellant's motion for new trial setting up a variance as to prosecutrix name, especially there being no bill of exceptions presenting this matter.

**4.—Same—Want of Consent—Amount of Resistance in Rape.**

Mere copulation coupled with passive acquiescence is not rape; there must be resistance on the part of the female depending in amount on the circumstances surrounding her at the time and the relative strength of herself and her assailant. Threats apart, every exertion in her power under the circumstances must be made to prevent the crime, or consent will be presumed.

**5.—Same—Force Necessary to Resist Rape—Threats.**

In determining the sufficiency of the force or the effect of the threat when both are in proof, it is proper to consider the cogency which the threats may have contributed to the force to intensify the influence which the force may have imparted to the threats; and the mere formal statement of the prosecutrix that she did not consent will not be the criterion although some force be used; yet if she does not put forth all the power of resistance which she was capable of exerting under the circumstances it will not be rape.

**6.—Same—Case Stated—Insufficiency of Evidence.**

See facts in opinion which do not show that prosecutrix put forth that utmost resistance which she was required to exercise under the circumstances before appellant could be convicted of rape, and that therefore the evidence did not sustain a conviction for rape.

Appeal from the District Court of Bexar. Tried below before Hon. Edward Dwyer.

Appeal from a conviction of rape; penalty, death.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of rape, and his punishment assessed at death; hence this appeal. This case was tried at a former term of the District Court of Bexar County, and a conviction with the death penalty resulted, and an appeal was prosecuted therefrom to this court. At the Austin Term, 1905, the judgment was reversed. The facts are succinctly stated in that opinion, and they are substantially the same on the present trial. We refer to the statement of facts as contained in the former opinion of this court. Perez v. State, 13 Texas Ct. Rep., 453. Appellant and his companion, Ranquel, were Mexicans, and at work with a gang camped on the Leona creek, near the I. & G. N. railroad track, some six or seven miles from San Antonio. Prosecutrix and two other Mexicans, one claiming to be her husband and the other her cousin, were traveling overland from San Luis Potosi to San Antonio, in Bexar County. They stopped over night on Leona creek, near the camp where appellant was working. The next morning in resuming their journey they were accosted by appellant and his companion Ranquel. According to

the State's account, appellant and his companion took charge of prosecutrix and her two companions, and forced the two Mexicans with her to leave the railroad track and go through two wire fences into the timber. Appellant, with a drawn pistol and by threats compelled the husband and cousin of prosecutrix to leave them, and Ranquel forcibly carried prosecutrix further into the timber. Appellant followed on, and subsequently dispensed with Ranquel's services, and took charge of prosecutrix himself; and then, according to her account, carried her further into the woods. She says he threw her down on the ground and penetrated her person. In the meantime her husband and cousin had become separated, and her husband proceeded along the railroad to San Antonio. She relates as to the transaction itself, that appellant took her by the arm, and carried her into the woods and told her what he wanted. She did not want to consent, and thereupon he had a struggle with her; threw her down; she fell on her side, and he got on her, and introduced his male organ into her female organ, without her consent. She says that he had his pistol in his hand, and laid it down by her head, and had his elbow on her breast. That he reached down, pulled up her clothes, raised one of her legs, and penetrated her person. Subsequently he came back to the railroad with her to where they had left her husband, who in the interim had left the place. Appellant left, and she subsequently rejoined her cousin on the railroad and proceeded to San Antonio. This is a sufficient statement of the facts, and about the same state of facts as made by the State on the former trial.

Appellant claimed a severance, and assigned as error the action of the court overruling his motion, but that is not presented in such way as to require review.

Nor can we review the action of the court overruling appellant's motion to continue the case, because no bill of exceptions was reserved thereto.

Nor did the court err in overruling appellant's motion to quash the special venire.

Appellant presented two bills of exception: one to the action of the court suggesting to the district attorney to prove prosecutrix' want of consent. In this there was no reversible error.

He also presented an exception to the action of the court allowing the district attorney to state in his argument that prosecutrix was a married woman, alluding to her husband, Plutarco Navarro. He claimed that there was no evidence of this; that this was a matter that had to be proved by written evidence and that parol evidence to that effect was not competent. We do not believe appellant's contention is correct.

In motion for new trial appellant presents a number of matters, involving the action of the court receiving and rejecting evidence, as if he had reserved a bill of exceptions thereto. We do not understand

such to be the case. These matters are not in such shape as can be reviewed.

In motion for new trial we note that appellant raises an objection to the conviction on the ground that the evidence shows, as contended by the State, that prosecutrix was a married woman, being the wife of Plutarco Navarro, and that the indictment charged the offense was committed on Juana Mareles; and that she being the wife of Navarro, could not be named Mareles. She appears to have answered to the name of Juana Mareles, and to have been known by that name. However, she testified that she was the wife of Plutarco Navarro, and would consequently be known by her husband's name. There is no bill of exceptions presenting this matter of the alleged variance. It occurs to us, whether or not she was the wife of Navarro, if she was known by the name of Mareles, it would be sufficient, and there would be no variance.

The material question is, whether the evidence is sufficient to sustain the conviction. In the former trial the evidence being substantially the same, we intimated very strongly that the facts did not justify the conviction. However, the case was reversed on the proposition that the court should have given certain requested special instruction bearing on the prosecutrix' consent or want of consent, or the amount of resistance she should have put forth. The court on this trial gave said charges, which had been rejected on the former trial; and we are confronted with the question whether the evidence is sufficient to sustain the conviction. Mere copulation coupled with passive acquiescence is not rape. There must be resistance on the part of the female depending in amount on the circumstances surrounding her at the time and the relative strength of herself and the accused. Jenkins v. State, 1 Texas Crim. App., 346. Threats apart, every exertion in her power under the circumstances must be made to prevent the crime, or consent will be presumed. Mooney v. State, 29 Texas Crim. App., 257; Rhea v. State, 30 Texas Crim. App., 483. In determining the sufficiency of the force or the effect of the threat when both are in proof, it is proper to consider the cogency which the threats may have contributed to the force to intensify the influence which the force may have imparted to the threat. Sharp v. State, 15 Texas Crim. App., 171; Bass v. State, 16 Texas Crim. App., 62.

The mere formal statement of the prosecutrix that she did not consent, will not be the criterion, although some force be used; yet if she does not put forth all the power of resistance which she was capable of exerting under the circumstances it will not be rape. In this case the circumstances are indeed peculiar. The offense, if any, was committed in broad daylight upon the traveled highway, and in close proximity to a number of persons who were working on the road. While prosecutrix' husband and cousin claimed they were under duress by appellant and his companion, they passed within twenty to thirty yards of this gang of laborers. She had two protectors along

with her, but they do not appear to have made any resistance; claiming they were overawed because appellant drew a pistol. They are carried along with her some distance, going through two or three wire fences, she stooping down, and going through the wire, and then appellant compels both of her companions to go away. The alleged husband does not return to the gang of laborers for help, who were nearby, but proceeds to San Antonio, some six or seven miles distant. In the meantime his companion, who has been released from any pretended restraint, remains upon the railroad, close by, where said hands were at work. According to her testimony she is forcibly dragged along through the woods by appellant; Ranquel in the meantime having left them. Ranquel says that he saw prosecutrix when appellant threw her down; but it does not appear any rape was committed then, for prosecutrix distinctly says it was subsequent to this; and she does not relate that she was thrown down but once by appellant, and that was after Ranquel had gone. According to the record, as we gather it, they were only sixty or seventy yards from where the laborers were then at work. She says that she made or attempted to make some smothered cry, and appellant threatened her; and she was afraid. The struggle evidently was not a severe one when he threw her down to rape her, for she bore no evidence of any bruise on her person. She even relates the details of the act of intercourse after he threw her down on her side, got on top of her, raised her clothes, and raised one of her legs; and then copulated with her. In the meantime she was afraid to make any struggle because of his threats. After the act of copulation had been accomplished, according to her own testimony, appellant took her back to the railroad track where she had left her husband, and close to where she found her cousin, and goes to work with the gang of laborers. An officer came and arrested him that evening, prosecutrix' husband in the meantime having gone, as he said to San Antonio, for an officer for his protection.

It occurs to us that something more was required of the prosecutrix and those with her than is manifested by this record, before the jury was authorized to say that prosecutrix put forth that utmost resistance which she was required to exercise under the circumstances, before appellant could be convicted of rape. A virtuous woman and her companions would naturally be expected to exercise more force in opposition to the alleged outrage than is manifested by the testimony in this record. Price v. State, 36 Texas Crim. Rep., 143; Arnett v. State, 40 Texas Crim. Rep., 617; Rushing v. State, 10 Texas Ct. Rep., 400; Dina v. State, 9 Texas Ct. Rep., 99. We believe in the proper enforcement of the law, and are loath to disturb the verdict of juries, especially where two juries have rendered the death penalty on substantially the same state of facts. But we are aware in this character of case, where the minds of the jurors are easily excited and inflamed, how prone they are to return verdicts of guilty, visiting in such cases the extreme penalty of the law. After a care-

ful investigation of the facts we are unwilling to lend the sanction of our approval to inflicting the death penalty upon what we regard as insufficient evidence. The judgment of the lower court is accordingly reversed and the cause remanded.

*Reversed and remanded.*