BILL JENKINS ALIAS WILL WILLIAMS V. THE STATE.

No. 14216.   Delivered May 13, 1931.
Rehèaring Denied June 4, 1931.

The opinion states the case.

*Dick Young,* of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney, *Jas. H. Peden,* and *E. T. Branch,* all of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The indictment charged the offense of rape, and contained averments showing that appellant had been previously convicted of a like offense.   The punishment was assessed at death.

Prosecutrix, Lillian Davis, was 12 years of age at the time of the commission of the offense.   On the 27th day of August, 1930, at 11 a. m., she was going to a store for the purpose of paying a bill for her mother.   Appellant came up behind her and grabbed her by the arm,

asking her if she wanted a job. She replied in the negative. Appellant said he was going to have a job, and if she made any outcry he would kill her. He told her he had a pistol in his pocket. Taking prosecutrix to some woods, he made her pull off her underwear. He then threw her to the ground, choking her. She tried to call for help. Appellant choked her and pulled out his knife. After quieting prosecutrix, appellant had sexual intercourse with her, the penetration causing bloodshed and pain. In going to the scene of the offense appellant showed prosecutrix a check for $500. Prosecutrix immediately reported the assault to her mother, and, later, to a policeman. The foregoing constitutes, in substance, the testimony of prosecutrix.

An examination by a doctor disclosed a ruptured hymen. We quote the physician's testimony as follows: "About August 27, 1930, I examined Lillian Davis and found an exudate of semen on her female parts and also an abrasion of the female parts. The abrasion, denuded tissue, was not to any great extent but you could tell that it was denuded. I also found an abrasion on the right side of her neck. The hymen, commonly called the maidenhead, was broken. Her female parts seemed to have been penetrated but I could only examine from the outside. I saw semen on the parts which, in my best judgment, came from a man; it looked like it."

The mother and father of prosecutrix testified that she had blood on her clothing when she reported to them that she had been assaulted. Prosecutrix positively identified appellant after having been shown several men. It appears that she described her assailant to the officers before the arrest was made. It was shown that the description suited appellant. The officer arresting appellant found a check for $500 in the sweatband of his hat.

Appellant's sister and another woman gave testimony tending to show he had been at home for two weeks confined to his bed with rheumatism. Several witnesses for the state testified that they saw appellant walking on the streets a few days after the assault, and that he did not appear to be suffering from rheumatism. Appellant did not testify in his own behalf. The state offered in evidence a record showing that appellant had theretofore been finally convicted of a separate offense of rape and sentenced to a term in the penitentiary.

As shown by bill of exception No. 1, after appellant had offered testimony to the effect that he had been confined to his bed with rheumatism for several days, including the day the offense was alleged to have been committed, the state placed the witness Daisy Julious on the witness stand and proved by her that she had seen appellant on the first of September, 1930, and had walked with him from the Grand Central Station towards the bayou, a distance of two or three blocks. She testified, in substance, that appellant did not appear to have rheumatism. In addition, she stated

that appellant told her he had a check for $500 with him. Appellant objected to the testimony on the ground that it was going to leave the jury in "the dark" as to why the witness was walking with appellant. The court overruled the objection. The testimony was admissible to rebut the testimony of appellant's sister and another witness to the effect that appellant had been ill with rheumatism for two weeks. In Branch's Annotated Penal Code, sec. 97, relevancy is defined as follows: "Relevancy is defined to be that which conduces to the proof of a pertinent hypothesis—a pertinent hypothesis being one which, if sustained, would logically influence the issue. Hence it is relevant to put in issue any circumstance which tends to make the proposition at issue either more or less probable." McGuire v. State, 10 Texas App., 127, and Lane v. State, 73 Texas Crim. Rep., 266, 164 S. W., 380, are cited in support of the text.

Bill of exception No. 2 brings forward an objection to the testimony of the witness Daisy Julious on the ground that she was incompetent on account of her age. The court qualifies the bill of exception with the statement that he found the witness to be clearly competent to testify. She was 10 years of age and had reached the seventh grade in school. The witness' testimony appears to have been intelligently given. There is nothing in the bill of exception to support the objection that she was incompetent. The trial court apparently examined her touching her competency. We find no abuse of discretion vested in the trial judge in admitting the testimony. See McCormick v. State, 52 Texas Crim. Rep., 493, 108 S. W., 669.

Appellant contends that the state was not warranted in embracing in the indictment allegations showing appellant's previous conviction of an offense of like character, his position being that the averments in the indictment enabled the state to prove his general reputation before he had placed it in issue, and had the effect of prejudicing him in the eyes of the jury. Article 64, Penal Code, provides: "A person convicted a second time of any offense to which the penalty of death is affixed as an alternate punishment shall not receive on such second conviction a less punishment than imprisonment for life in the penitentiary."

This statute has been held not unconstitutional. Walthall v. State, 109 Texas Crim. Rep., 26, 2 S. W. (2d) 442, and authorities cited.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We recognize the seriousness of dealing

with a case the correct disposition of which involves the issue of life or death to a human being.

Appellant was defended by counsel of his own employment. We find two bills of exception in the record. In his motion for rehearing appellant vigorously objects to the qualification attached to both of said bills. We find on examination that the qualifications to neither of said bills of exception were excepted to by appellant. The uniform holding of this court is that in order for the matters contained in the qualifications to a bill of exception to be rejected by us, there must appear an exception taken in the lower court to such qualifications.

However, we are of opinion that whether with or without the aid of the qualifications referred to, neither bill of exception shows error. Appellant did not testify in his own behalf, but relied upon the testimony of other parties to establish an alibi. His witnesses claimed that at the time of the alleged rape he was in bed ill with rheumatism. As affecting the contention of appellant that he was afflicted on the day of the alleged assault, to-wit: August 27th, the state introduced a ten year old girl who testified that on September 1st she walked ten blocks with appellant, and that she saw no signs of his having rheumatism. There is nothing in the record to suggest in the slightest degree that the state attempted to make any improper use of the fact that appellant walked with said girl. Appellant's entire contention in his said two bills of exception is that the jury would put some improper construction upon the testimony of the girl with whom appellant walked. We think the contention wholly without merit. The issue as to whether appellant was afflicted with rheumatism was, to some extent, affected by the testimony of said girl. She seems neither to have suggested nor thought of any proposition such as attaching a wrong motive to appellant walking with her. It does not appear to be suggested that he had any wrong purpose in such conduct. The testimony as to the rape seems plain and practically uncontradicted. The matters of procedure are in conformity with law, and we see no reason for doubting the right of the jury, under the facts, in inflicting the penalty given in their verdict.

The motion for rehearing will be overruled.

*Overruled.*