### FRED FELIX ADAIR, JR. V. STATE.

No. 24966. November 22, 1950.
Rehearing Denied January 17, 1951.

378

*Jimmie MacNicoll, Harvey Lindsay, Edgar Smith,* and *A. S. Baskett,* Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *Charles S. Potts* and *Walter M. Collie, Jr.,* Assistants District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for rape in which the jury fixed the punishment at death.

The case is a most unusual one, especially from the standpoint of the history of the accused. He was born in El Paso;

was reared for the most part by his aunt in the city of Dallas where he went through high school; he saw combat service with the navy and remained in the navy for quite a while after the close of hostilities; he returned to Dallas and the evidence shows that he held responsible positions with different companies up to the time of his arrest, when he was a bookkeeper for a manufacturing plant. He was married and living with his wife and child.

The offense is alleged to have been committed on February 10, 1949. His arrest on suspicion was made on the 24th day of November following. On that date he signed a written confession admitting the offense in the manner alleged and consistent with the evidence of the prosecuting witness.

An indictment was returned by the grand jury on the 29th day of November and it appears from the statement of facts that several other felony indictments were returned against him, charging rape and burglary in Dallas County. Evidence of such indictments came into the record when appellant testified in his own behalf and was cross-examined by the prosecution.

On the trial of the case appellant repudiated the written confession and claimed that he was forced to make the same because of the physical abuse and threats of the officers to take his wife and child away from him. The state denied this charge and presented much testimony, thus raising an issue which the jury found against appellant.

The evidence as detailed by the prosecuting witness, which is substantially the same as in the written confession, is to the effect that appellant followed the prosecutrix and her two children as she was returning to her home in her car sometime after dark; that he watched her through the window of her home and then entered the house and, by the use of force and threats, committed the act alleged on the prosecutrix in the presence of her two children. Further discussion of the evidence of the commission of the crime is not necessary.

We discuss the bills of exception as bringing forward all of the questions to be considered in the appeal.

Bill of Exception No. 1 complains of the failure of the court to instruct a verdict of not guilty on account of the insufficiency of the evidence. This is merely a formal bill and does not require discussion in this opinion.

Bill of of Exception No. 2 complains of a remark made by Mrs. Barnum, a witness in behalf of the state, who was called to the jail to identify appellant. This evidence was in rebuttal of that given by appellant charging that he had been abused by the officers who beat him in the face, and other places, for the purpose of extorting from him the written confession. Upon being questioned as to his appearance on the date of the confession she replied that he "looked just like he did when he assaulted me." Objection was made which was sustained by the court who instructed the jury to disregard said answer and consider it for no purpose whatsoever.

In his qualification to the bill the court said that evidence had been admitted without objection that appellant was charged by indictment with the burglary of the houses of three people and for the rape of two, including the witness. It is observed then that the evidence of the witness could have had no effect other than to bring before the jury a fact already in evidence that he was charged with the rape of the witness whose evidence is the subject of the objection. The court did all he could do, under the circumstances, when he sustained the objection to the evidence and instructed the jury not to consider it. Under the circumstances of the case it appears that there is no reversible error shown by the bill.

Bill of Exception No. 3 complains that the state, in cross-examining the accused as to the charges against him, asked about the character of the offenses and the names of the alleged injured parties. The court does not approve this bill as written. In lieu thereof the court attaches, as a part of his qualification, the evidence in question and answer form on the subject which shows that the only objection made was to the questions and answers as to whether or not accused remembered any of these injured parties. The objection was sustained and, at the request of counsel, the jury was instructed to disregard it. Further, the court instructed the attorneys for the state to "make questions legal." The qualification eliminates from the bill as drawn any possible grounds for reversal.

Bills of Exception Numbers 4 and 6 complain of the cross-examination of the appellant wherein he was asked about an aggravated assault on a woman in Paris, Texas, "in her own home." The court's qualification includes question and answer transcript of the testimony showing that appellant's attorney, on direct examination, asked him the question concerning the aggravated assault in Paris:

"Q. That was not a rape case or anything of that sort—Aggravated Assault? A. Yes."

The next question following this was by the assistant district attorney.

"Q. Of course, that was an assault on a woman in her own home?"

The court overruled objection to this question and answer. In this we think the court's ruling was proper. The question by appellant's attorney opened the subject and the state had a right to inquire further, which it did. See Fred Jones vs. State, 153 Texas Crim. Rep. 545, 220 S. W. 2d 156.

Bill of Exception No. 5 complains of the further cross-examination of appellant wherein he was asked if he didn't, in the aggravated assault case in Paris, use his wife as an alibi witness. Previous to this appellant's wife had testified to an alibi for appellant in the case on trial. The court sustained the objection to the question asked and no answer was given. Upon request the court also instructed the jury to disregard the matter.

In addition to his own evidence denying the charges, appellant produced his wife and her sister as the chief witnesses to an alibi. Their testimony is strongly corroborated but it is possible that all of the corroborative evidence could be true and yet appellant could have been at the scene of the crime at the time testified to by the prosecuting witness. His wife and her sister did testify that he was in the home all during the night and at the time the offense was alleged to have been committed, but this portion of the testimony is not corroborated. The jury has seen fit to disregard it and we are not in position to say that the verdict is unsupported.

The case is most unusual in that appellant proved a good reputation; that he was holding a responsible position; and further, admitted that there were several other charges of rape and burglary pending against him. He was only twenty-five years of age and had rendered acceptable service in the navy. A charge of the nature described in this case would hardly be expected to be lodged against one who has the background which this record reveals. There is no plea of insanity. The jury having found appellant guilty on positive evidence as related before them, and there being no reversible error in the trial of the case, it becomes the duty of this court to affirm the judgment.

ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

The original opinion of this court reviews the facts. We have again studied the record in the light of appellant's motion for rehearing.

Appellant insists that the facts are insufficient to support the conviction for rape by force. In this connection, he takes the position that as a matter of law it is necessary for the prosecutrix to use every exertion in her power to thwart the purpose of her assailant. We call attention to the fact that in Bundren v. State, 152 Texas Crim. Rep. 45, 211 S.W. 2d 197, the proposition relied upon by appellant was held to be too broad.

Moreover, attention is directed to the fact that rape both by force and by threats was submitted to the jury and a general verdict was returned. In such cases the verdict will be applied to the offense finding support in the facts. The facts in this case amply show rape by threats.

The other matters urged in appellant's motion for hearing were discussed in the original opinion of this court and, we feel, were properly disposed of.

Appellant's motion for rehearing is overruled.