EDWARD LAWRENCE THOMPSON V. STATE

No. 32,081. June 22, 1960

Motion for Rehearing Overruled November 23, 1960

*John W. L. Hicks,* Houston 26, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Edward D. Michalek, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for robbery by assault with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, life imprisonment.

The state's testimony shows that on the night in question, the appellant and a companion, Lonnie Logan, Jr. drove into a Foley Newsom Oil Company filling station in the city of Houston around 11 A.M. Appellant was driving the automobile and stopped at one of the pumps and ordered some gasoline. While

appellant remained outside by the automobile, his companion Logan went inside the station office where he produced a pistol and at the point of the gun caused the manager of the station and another employee through fear to deliver to him $38 in money. After obtaining the money, Logan motioned to the appellant, who then drove the automobile to the office door, where Logan got in the automobile and the two drove away. The police were then called and later in the night the officers located the appellant and Logan around 2 A.M. at the La Joya Club. Appellant was placed under arrest and at the time had $91 on his person. When the officers entered the club, Logan ran outside, fired on the officers with a pistol who returned the fire. In the exchange of shots Logan was shot and killed.

The prior alleged conviction was established by stipulation between the parties that appellant was finally convicted on June 10, 1955, in Criminal District Court No. 3 of Harris County in cause No. 88,936, of the offense of felony theft. The prior conviction for felony theft could be used by the state to enhance the punishment under Art. 62, V.A.P.C. as such is an offense of like character to robbery by assault. Dickey v. State, No. 31, 841 168 Tex. Cr. Rep. 576, 336 S.W. 2d 165.

As a witness in his own behalf, appellant testified that on the night in question, he was taking his companion Logan, whom he had never seen before, to another part of the city, and stopped at the filling station for gas. Appellant stated that he had no knowledge that Logan was armed until after the robbery and denied that he in any manner participated in the robbery with Logan. Appellant testified that after the robbery, Logan forced him, at the point of the gun, to drive from place to place until they stopped at the La Joya Club where he was arrested.

The jury chose to reject the appellant's testimony and accept that of the state's witnesses and we find the evidence sufficient to support the conviction.

Appellant insists that the court erred in permitting the state to introduce in evidence certain authenticated records of the Texas Prison System, including copies of the judgment and sentence in the prior alleged conviction, over appellant's objection that the prior conviction had been stipulated. The appellant could not, by stipulation, prevent the state from making proof of the prior alleged conviction. Beard v. State, 146 Tex. Cr. R. 96, 171 S.W. 2d 869 and Stokes v. State, 162 Tex. Cr. R. 401, 286 S.W. 2d 141. Furthermore, the records were not introduced in evidence

until after the appellant had testified on his direct examination that he was not present in court when his plea of guilty was entered in the prior case. The judgment in the case reciting appellant's presence was clearly admissible in rebuttal of his testimony. We find no error in admitting the records in evidence.

Appellant complains of certain questions propounded to him on cross examination when asked by state's counsel if it were not a fact that after the robbery and before his arrest he participated in the robbery of another filling station with Logan, his companion, in which $150 was taken. Appellant denied any knowledge of such a robbery. Under the record the asking of the questions do not present error. In his testimony, on direct examination, appellant testified in detail as to his activities with his companion, Logan, after the robbery. Appellant also claimed an innocent intent in the entire transaction and accounted for the money which he had on his person when arrested by stating that it represented money which he had received from an insurance claim and from money which his wife had given him. By reason of his testimony, the questions propounded by the state's counsel were permissible in the state's effort to show that his testimony was not true.

Appellant also complains of the evidence adduced by the state which showed at the time of the appellant's arrest, his companion fled, fired at the police officers and in the exchange of shots was shot and killed. Such evidence was admissible to show the circumstances surrounding the arrest of the appellant. Holt v. State, 39, Tex. Cr. R. 282, 45 S.W. 1016. Appellant and his companion, having fled together from the scene of the robbery, it was not error to show Logan's attempted flight from the officers when apprehended. Gunter v. State, 139 Tex. Cr. R. 488, 94 S.W. 2d 747.

Appellant presented to the court one formal bill of exception to jury argument. The bill was by the court refused with the court's reasons noted thereon. Appellant filed no bystanders' bills and took no further action in the matter. Under the record the bill of exception cannot be considered. Art. 760d, V.A.C.C.P.; Lair v. State, 169 Tex. Cr. R. 220, 333 S.W. 2d 389 and Wortham v. State, 169 Tex. Cr. R. 164, 333 S.W. 2d 158.

The judgment is affirmed.

Opinion Approved by the Court.

The evidence being insufficient to support the conviction, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.