**Robert WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35051.**

Court of Criminal Appeals of Texas.

Jan. 2, 1963.

Rehearing Denied Feb. 13, 1963.

Allan J. Showers, W. B. Robertson, II, John L. Hill and W. James Kronzer, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Neil McKay and J. R. Musslewhite, Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is rape; the punishment, enhanced under Art. 64 Vernon's Annotated Penal Code, life.

Art. 64 V.A.P.C. provides that a person convicted a second time of any offense to which the penalty of death is affixed as an alternate punishment shall not receive on such second conviction a less punishment than imprisonment for life in the penitentiary.

The state's evidence adduced from the prosecutrix shows the following: She was a twenty-six-year-old colored maid. She had three children and was separated from her husband. She was walking from her parents' home, where she lived, to the bus stop on her way to work, about 6 A.M. A short distance from the bus stop she was approached by a man she identified as the appellant. Although they were not acquainted, as he followed her across the street he attempted to engage her in conversation. Shortly after reaching the corner to wait for the bus, as she was looking for its approach, the appellant grabbed her "from behind," placed his arm around her neck, thrust a knife close to her side, and kept repeating: "Don't holler and you won't get hurt"; and "Don't holler or I will kill you." She testified that she was frightened and pleaded with him; that she was forced to walk down the side street about half a block and into an alley to an old "raggedy" garage which contained junk and an old sofa. Appellant took her into the garage and pushed her down upon the sofa, demanding that she "Pull (her) panties off." Still threatening her with the knife, he took her panties off. She was afraid and did not resist because of the knife. As she was in a half-sitting position lying back against the armrest of the sofa, appellant still holding the knife on her and without her consent, had an act of intercourse with her. Appellant then got up and pulled the witness'

plastic raincap over her eyes, nose and mouth, at which time the witness, fearing she was going to suffocate, raised up and struck appellant a blow and knocked him down. The prosecutrix knocked appellant down a second time after he got up from the first blow. She then ran from the scene to a cabstand, leaving her shoes and panties in the garage. She told the cab driver to call the police. He asked her what happened and the complainant said "A man pulled a knife on me and forced me down the street." Another man came to the door, showed her the phone and asked her if she wanted to call the police and she said "No, wait, I want to call me mother." She called her father and mother from the cabstand and told them what had happened and they called the police. She further testified that she was crying when her parents arrived at the cabstand, and that she and her father went back to the garage and recovered her panties and shoes.

At a line-up in which appellant was present, almost two months after the assault, she identified him by sight and by his voice as the man who raped her.

The investigating officer who went to the scene testified that the garage was an old run-down building with a dirt floor. There was "an old beat up couch and the dirt floor was scuffed up as though someone had been scuffling around and stirring up the dirt and there was a large damp spot on the couch."

The prior conviction alleged for enhancement purposes was shown by properly authenticated records from the State of Louisiana and expert testimony that the fingerprints on such records were identical to those of the appellant. Appellant also made a judicial confession and admitted that he was the same person who had been convicted of the prior alleged offense.

The appellant's defense was that of alibi. He and another witness, a married woman whose husband was away temporarily working in Galveston, both testified that at the time in question, and on the night preceding, appellant had slept with her at her house. This witness testified that she was positive of the date, as her birthday was the next day. The state later impeached her by showing that she had been convicted of a felony and that she had told her probation officer, for the purposes of his records, that her birthday was on a different day than that to which she testified here. Appellant testified that he had never seen the complaining witness before the day of the trial.

The jury rejected appellant's defense of alibi.

The record contains no formal bills of exception and there are a few informal bills, all of which have been carefully examined and none of which reflect error.

Appellant's very able court-appointed counsel advances four points, by brief and oral argument, which he contends constitute reversible error.

■ Appellant's first contention is that the motion to quash the indictment should have been sustained on the grounds that the nature of the previous conviction should not have been stated in the indictment. We find no merit in this contention. The form of indictment used in the case at bar is almost identical to that suggested in Willson's Texas Criminal Forms, 6th Ed., Sec. 2333. The allegations in this particular indictment are of the same nature as allegations made in many indictments drawn under the enhanced penalty statutes, Arts. 61, 62, 63 and 64, V.A.P.C. This Court held in Jenkins v. State, 118 Tex.Cr.R. 556, 40 S.W.2d 109, that allegations in an indictment for rape showing defendant had been previously convicted of a similar offense were not improper. In alleging the former conviction it is not error to allege the nature of the offense. 1 Branch's P.C.2d 679, Sec. 697; Palmer v. State, 128 Tex.Cr.R. 293, 81 S.W.2d 76; Whittle v. State, 147 Tex.Cr.R. 227, 179 S.W.2d 569.

■ The appellant next complains that reversible error was committed when the

state refused to accept his judicial confession and stipulate as to his former conviction instead of offering proof of the prior conviction. The appellant could not, by stipulation, prevent the state from making proof of the prior alleged conviction. Thompson v. State, 170 Tex.Cr.App. 258, 339 S.W.2d 209; Beard v. State, 146 Tex. Cr.R. 96, 171 S.W.2d 869; Stokes v. State, 162 Tex.Cr.R. 401, 286 S.W.2d 141; Parkman v. State, 149 Tex.Cr.R. 101, 191 S.W. 2d 743.

■ Appellant's third contention is that the evidence is insufficient to support the conviction on the "uncorroborated and impeached testimony" of the prosecuting witness as to the identity of the appellant. Appellant's counsel argues that he had been unable to find any cases in which this court has sustained a conviction without there being some supporting corroborating facts or circumstances.

In this connection able counsel point out in their brief the absence of any evidence other than the testimony of the prosecutrix that a rape was committed upon her or that the appellant was in the vicinity where the rape occurred. He points out various inconsistencies between the statements of the prosecutrix to the police which were placed in evidence and her testimony at the trial, such as her testimony that appellant took her panties off, and her statement that appellant made her take them off; her testimony that appellant was 5 feet 10 or 11 inches tall, and her statement describing her assailant as about 5 feet 6 inches tall.

■ The discrepancies were before the jury who saw fit to believe the testimony of the prosecutrix despite the impeachment evidence. We are not at liberty to substitute our findings for those of the jury.

■ The jury was the trier of facts. It was the jury's prerogative to determine the credibility of the witnesses and the weight to be given their testimony. Corroboration is only required in those rape cases where a belated outcry was made. The facts ad-

duced from the record indicate that the prosecutrix reported the offense shortly after its commission. There is no merit in this contention. See Hughes v. State, 136 Tex. Cr.R. 210, 124 S.W.2d 349; Gray v. State, 130 Tex.Cr.R. 289, 93 S.W.2d 1146.

The court submitted to the jury the law of rape by threats as well as rape by force and in this connection instructed the jury: "* * * to constitute rape by threats the Defendant must have ravished * * *, the alleged injured female, by having carnal knowledge of her against her will and without her consent by the use of threats, and the threats used, if any, must have been such as might reasonably have created in the mind of the said * * * a just fear of death or great bodily harm to her, in view of the relative condition of the parties, as to health, strength and other circumstances of the case; and the penetration of the sexual organ of the said * * * by the male organ of the defendant must be proved beyond a reasonable doubt."

There are no exceptions relating to the charge.

■ The jury having returned a general verdict finding appellant guilty as charged, the verdict must be applied to the phase of the offense charged in the indictment which is supported by the evidence. Adair v. State, 155 Tex.Cr.R. 377, 235 S.W.2d 170.

There being sufficient evidence to support a finding by the jury that appellant obtained carnal knowledge of the prosecutrix without her consent by threats to kill her, while holding a knife at her side, we need not pass upon the question of whether the prosecutrix offered the resistance required where the state relies upon rape by force or by a combination of force and threats.

■ The last contention made is that appellant's constitutional and statutory rights were violated because he was required to make oral statements and utterances to assist the complaining witness in identifying him as her assailant. This contention is

now raised for the first time by appellant's brief. No objection was taken to this testimony in the trial of the case. We also observe that the identity of the appellant was positively shown by the prosecutrix' testimony two different times prior to this complained-of evidence, without objection. The contention is without merit.

Finding the evidence sufficient to sustain the jury's verdict and no reversible error appearing, the judgment is affirmed.

McDONALD, Judge (dissenting).

I respectfully dissent because I am constrained in this case to believe that the testimony of the State is such as does not comport with human experience and with reason.

The prosecutrix vividly demonstrated her physical prowess by twice "flooring" her assailant—not for raping her and not through fear of the knife but on account of the raincap being placed over her mouth and nose. She possessed this same ability and strength at the time of the intercourse a very few minutes earlier. Had she utilized her strength and approximate forty to fifty-pound weight advantage of her two hundred ten pounds over the appellant's one hundred sixty or one hundred seventy-five pounds, she could and would have no doubt repelled his advances and put an end to his lustful desire to have intercourse with her. This, I think, was incumbent upon her to do. I feel that this case is controlled by our holding in Perez v. State, 50 Tex.Cr.R. 34, 94 S.W. 1036.

The evidence in Perez's case, supra, is a great deal more cogent than in this case, for the reason that Perez, from the State's testimony, had a pistol in his hand and laid it down by the head of the prosecutrix at the time of the commission of the offense. The material question in Perez was the sufficiency of the evidence to sustain the conviction. In a very able opinion, Judge Henderson, speaking for this Court, said:

"Threats apart, every exertion in her power under the circumstances must be made to prevent the crime, or consent will be presumed. Mooney v. State, 29 Tex.App. 257, 15 S.W. 724; Rhea v. State, 30 Tex.App. 483, 17 S.W. 931. In determining the sufficiency of the force, or the effect of the threat, when both are in proof, it is proper to consider the cogency which the threats may have contributed to the force to intensify the influence which the force may have imparted to the threat. Sharp v. State, 15 Tex.App. 171. Bass v. State, 16 Tex. [App.] 62. The mere formal statement of the prosecutrix that she did not consent will not be the criterion. Although some force be used, yet if she does not put forth all the power of resistance which she was capable of exerting under the circumstances, it will not be rape."

It is evident from reading the opinion that the prosecutrix in Perez's case, supra, was afraid; that she made or threatened to make some smothered cry, and appellant threatened her.

It is my view that the State made a stronger case in Perez, supra, than they did in the case at bar. Perez reflects no attack upon the appellant by the prosecutrix, as we have in this case. The prosecutrix, here, testified that she knocked the appellant down twice. While it is true, from her testimony, that she struck appellant and knocked him down twice after the attack had been made upon her by him, it does vividly portray her size, strength, and the resistance that she was capable of making. These pertinent evidentiary facts lead me to the inescapable conclusion that *had the prosecutrix resisted commensurate with her strength and ability*, there would have been no rape.

I believe in the proper enforcement of the law, and I am loathe to disturb the verdict of juries. The writer is also aware that in this character of case, where the minds of jurors are easily excited and inflamed, how prone they are to return verdicts of guilty and visit upon the defendant in such

cases, under the laws of this State, confinement in the penitentiary for life. While this Court might not have adhered rigidly to the holding in Perez, supra, in many years, I still find the opinion followed by this Court. I can find no basis to distinguish the case at bar from the Perez case. The writer feels that Perez, supra, should be overruled if this case is affirmed.

I have carefully considered every facet and all of the facts, and I am unwilling to lend the sanction of my approval to what I regard as insufficient evidence.

I think the judgment of the trial court should be reversed and the cause remanded.