**Jose Sanchez VASQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 266–83.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 29, 1984.

Charles Manning, Beeville (court appointed), for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant files this petition for discretionary review of the Thirteenth Court of Appeal's judgment, 653 S.W.2d 492, affirming his conviction for arson under V.T.C.A. Penal Code, Section 28.02. His punishment was assessed by the trial court at fifteen years and one day confinement in the Texas Department of Corrections and a fine of $5,000.

Appellant contends that the evidence presented is insufficient to support his conviction. We agree with the Appellant's contention that the state failed to prove that Three Rivers is an incorporated city or town. We find, however, that the evidence was otherwise sufficient to support the conviction and we affirm.

The indictment in pertinent part alleged that he did "intentionally and knowingly start a fire and cause an explosion with intent to damage and destroy a habitation, knowing said habitation was within the limits of an incorporated city and town, to wit, Three Rivers, Texas, and knowing that said habitation was located on property belong-

ing to another, to wit, Freddie Diaz." [1] The jury was charged that they could find appellant guilty if they found he *either* [2] knew the habitation was within the limits of an incorporated city or town *or* he knew it belonged to Freddie Diaz.[3]

In deciding sufficiency of the evidence questions this Court will view the evidence in the light most favorable to the verdict. *Combs v. State*, 643 S.W.2d 709 (Tex.Cr.App.1982); *Penagraph v. State*, 623 S.W.2d 341 (Tex.Cr.App.1981). Viewing the evidence in the light most favorable to the verdict, the record shows that around midnight on May 8, the house of Mr. and Mrs. Freddie Diaz was set on fire. Mr. Diaz was at work and Mrs. Diaz and her two small children were home at the time of the fire. Mrs. Diaz heard a car drive up to her driveway and she looked outside and saw her sister's car leaving the scene. She contacted her sister and was informed that the man her sister had lived with for 3½ years (appellant) had possession of the car. Appellant took possession of the car on May 3 when he beat the sister up and she decided not to live with him anymore. Mrs. Diaz' sister was hiding from the appellant and her family intentionally gave the appellant erroneous information that she was staying with Mrs. Diaz. The evidence also showed that the fire was ignited with gasoline and that within an hour before the fire, appellant purchased a quantity of gasoline from a service station located about a block from the Diaz' residence. The gasoline was placed in a "Peak" antifreeze container that appellant got from the service station. A partially burned "Peak" antifreeze container similar in appearance to the one Appellant used for his gas purchase was found at the scene of the fire at the Diaz' residence.

To prove a habitation is located on property belonging to another for purposes of V.T.C.A. Penal Code, Section 28.-02, the state need only show the alleged "owner" had title, possession, or a greater right to possess the property than did the accused. V.T.C.A. Penal Code, Section 28.-02, Section 1.07(a)(24) and (28); *Eaton v. State*, 533 S.W.2d 33 (Tex.Cr.App.1976). Viewing the evidence in the light most favorable to the verdict, we conclude there is sufficient evidence that the house belonged to Freddie Diaz as alleged in the indictment and that the Appellant well knew it.

It is undisputed that no evidence was presented to show Three Rivers was an incorporated city or town, as alleged in the indictment. The Thirteenth Court of Appeals took judicial notice of this fact citing *Bell v. State*, 166 Tex.Cr.R. 340, 313 S.W.2d 606 (1958) and *Payne v. State*, 596 S.W.2d 911 (Tex.Cr.App.1980). *Bell,* supra and *Payne,* supra are distinguishable in that this Court took judicial notice that Dallas and Houston are cities located in Dallas and Harris counties respectively. Neither case stands for the proposition that Dallas and Houston are *incorporated* cities or towns. The Court of Appeals misplaced its reliance on *Bell,* supra and *Payne,* supra, and should not have taken judicial notice that Three Rivers is an incorporated city or town.

It is proper for an indictment to allege different ways of committing the offense in the conjunctive and for the jury to be charged disjunctively. *Vaughn v. State*, 634 S.W.2d 310 (Tex.Cr.App.1982); *Cowen v. State*, 562 S.W.2d 236 (Tex.Cr.

---

**1.** Appellant's indictment charged arson committed under V.T.C.A. Penal Code, Sec. 28.02(a)(1) and (a)(4). The relevant portion of said statute provides:

"(a) A person commits an offense if he starts a fire or causes an explosion with intent to destroy or damage any building, habitation or vehicle:

"(1) knowing that it is within the limits of an incorporated city or town, *or*
" * * * * *

"(4) knowing that it is located on property belonging to another.

**2.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

**3.** The jury charge in effect permitted conviction upon proof of either V.T.C.A., Penal Code, Sec. 28.02(a)(1) *or* 28.02(a)(4).

App.1978). Proof of either is sufficient, *Pinkerton v. State,* 660 S.W.2d 58 (Tex.Cr. App.1983); *Quinones v. State,* 592 S.W.2d 933 (Tex.Cr.App.1980); *Boyd v. State,* 419 S.W.2d 843 (Tex.Cr.App.1967); *Papes v. State,* 494 S.W.2d 910 (Tex.Cr.App.1973), absent an objection to the charge based upon insufficient evidence, *Savant v. State,* 544 S.W.2d 408 (Tex.Cr.App.1977) or a motion to force the State to elect, *Espinoza v. State,* 638 S.W.2d 479 (Tex.Cr.App.1982). Appellant did not object to the charge or move to force the state to elect. Where a jury returns a general verdict finding a defendant guilty as charged in the indictment the verdict must be applied to the phase of the offense which is supported by the evidence. *Wright v. State,* 364 S.W.2d 384, 389 (Tex.Cr.App.1963); *Adair v. State,* 155 Tex.Cr.R. 377, 235 S.W.2d 170 (1950). If there is sufficient evidence to prove one of the two ways of committing the offense, this Court need not consider whether the evidence is also sufficient to prove the alternative theory. *Pinkerton,* supra; *Quinones,* supra; *Wright,* supra.

■ Since the appellant failed to object to the charge or move to force the State to elect, and the jury returned a general verdict finding appellant guilty as charged, appellant's contention is overruled.

For the foregoing reasons the judgment of the Court of Appeals is affirmed.