IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




 

NO. 3-90-210-CR





ALONZO KING,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 102,032, HONORABLE TOM BLACKWELL, JUDGE



 





PER CURIAM 

 A jury found appellant guilty of aggravated sexual assault of a child. Tex. Pen.
Code Ann. § 22.021(a)(1)(B) (1989). (1) Appellant elected to have the court assess punishment and
was sentenced to sixty years imprisonment. 

 In a single point of error, appellant argues the trial court erred in failing to instruct
the jury that its verdict must be unanimous as to the manner and means of the commission of the
offense. Appellant did not request such an instruction, nor did he object to the charge or move
to force the state to elect. Furthermore, appellant cites no authority in support of his contention,
and we do not know of any requiring such an instruction. Nevertheless, appellant argues the
court's failure to instruct was fundamental error.

 We have reviewed the charge as a whole. The indictment alleged different ways
of committing the offense in the conjunctive and the jury was charged disjunctively: (2)


COUNT I



 A person commits the offense of Aggravated Sexual Assault of a Child if the
person intentionally or knowingly causes the penetration of the female sexual organ
of a child younger than 14 years of age by any means; or intentionally or
knowingly causes the sexual organ of a child younger than 14 years of age to
contact the sexual organ of another person, including the actor.

 

 The jury verdict read as follows: "We, the jury, find the defendant, Alonzo King,
guilty of the offense of aggravated sexual assault of a child as alleged in Count 1 of the
indictment." The court then inquired: "That is your verdict, so say you one and all?" There was
no negative response. Appellant did not request a polling of the jury. Tex. Code Cr. P. Ann.
art. 37.05 (1981). Accordingly, the verdict was entered. Tex. Code Cr. P. Ann. art. 37.04
(1981). There is no evidence indicating the jury's verdict was not unanamimous as to the manner
and means of commission of the offense. Furthermore, the evidence is sufficent to support a
finding as to either manner or means contained in the jury instruction. On the record before us,
we find no error. Appellant's point of error is overruled. 


 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and Smith]

Affirmed

Filed:  May 8, 1991

[Do Not Publish]
1. § 22.021 Aggravated Sexual Assault


 (a) A person commits an offense:

 (1) if the person:

 (B) intentionally or knowingly:

 (i) causes the penetration of the anus or female sexual organ of a child by any
means,

 (ii) causes the penetration of the mouth of a child by the sexual organ of the actor,
or

 (iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or
sexual organ of another person, including the actor; or

 (iv) causes the anus of a child to contact the mouth, anus, or sexual organ of
another person, including the actor; and

 (2) if:

 (B) the victim is younger than 14 years of age.


Tex. Pen. Code Ann. § 22.021 (1989).
2. It is proper for an indictment to allege different ways of committing the offense in the
conjunctive and for the jury to be charged disjunctively, absent an objection to the charge based
upon insufficient evidence or a motion to force the State to elect upon which offense it intends to
rely for conviction. Vasquez v. State, 665 S.W.2d 484, 486-87 (Tex. Cr. App. 1984) (and cases
cited therein), overruled on other grounds, Gonzalez v. State, 723 S.W.2d 746, 751 (Tex. Cr.
App. 1987).