Anderson v. State 







NO. 10-89-152-CR


IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          EUGENE ANDERSON,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 351st Judicial District Court
Harris County, Texas
Trial Court # 503539

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant was indicted for delivery of a controlled substance, cocaine.


 He was found
guilty by a jury, which also found two enhancement paragraphs to be true. The jury then assessed
punishment at life in prison. We will affirm.
          Appellant now complains that the trial court erred in denying his motion to dismiss the
enhancement paragraphs in the indictment. He argues that the enhancement provisions were
improper since the general enhancement statute was inapplicable to offenses under the Controlled
Substances Act which contains its own enhancement provision. See Act effective August 29,
1983, 68th Leg., R.S., ch. 425, 1983 Tex. Gen. Laws 2361, 2371-72. The Controlled Substance
Act enhancement provision applies to specific sections and does not include delivery of cocaine;
therefore, the provision does not apply to Appellant's offense. Since convictions obtained under
the controlled substances act may be enhanced under the Texas Penal Code, the trial court
properly denied Appellant's motion and the point is overruled. See Gutierrez v. State, 628 S.W.2d
57, 61 (Tex.Crim.App. [Panel Op.] 1980).
          Appellant, in his next four points, complains that there was insufficient evidence to support
the verdict regarding actual delivery and constructive delivery. When we review a sufficiency
of the evidence point, we must "determine whether `after viewing the evidence in the light most
favorable to the prosecution . . . any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt.'" See Butler v. State, 769 S.W.2d 234, 239
(Tex.Crim.App. 1989). Additionally, in this matter, "if there is sufficient evidence to prove one
of the two ways of committing the offense, this Court need not consider whether the evidence is
sufficient to prove the alternative theory." See Vasquez v. State, 665 S.W.2d 484, 487
(Tex.Crim.App. 1984). 
          Here, during the delivery transaction, Appellant was seen looking at the undercover police
officer, who had motioned for Appellant's co-defendant to come over to his car. The co-defendant
was asked by the police officer where he could get 20 cents of "powder". The co-defendant then
took a twenty-dollar bill from the officer and took it to Appellant. Appellant, in turn, then raised
up and removed something from underneath himself, and gave it to the co-defendant. The co-defendant then returned to the police officer's location and gave him a packet of cocaine.
          The elements of constructive transfer require (1) that prior to delivery the transferor must
have either direct or indirect control of the substance and (2) that the transferor must know of the
existence of the transferee. Daniels v. State, 754 S.W.2d 214, 221-22 (Tex.Crim.App. 1988). 
Here, Appellant had direct control over the substance before it was delivered and knew of the
transferee, since he looked towards him when talking to the co-defendant. Therefore, after
viewing the evidence in the light most favorable to the prosecution, we find that any rational trier
of fact could have found the essential element of delivery beyond a reasonable doubt. Appellant's
points are overruled.
          In Appellant's next point, he complains that the trial court committed fundamental error
in submitting a parties' charge to the jury on an offense under the Controlled Substances Act. The
law of parties is governed by sections 7.01 and 7.02 of the Texas Penal Code. See Tex. Penal
Code Ann. §§ 7.01, 7.02 (Vernon 1974). This section of the Penal Code has been applied to the
Controlled Substances Act, specifically the offense of delivery of cocaine. See Jimenez v. State,
739 S.W.2d 499, 501 (Tex.App.—Corpus Christi 1987, pet. ref'd). The court was correct in
including the law of parties in the charge and the point is overruled.
          In Appellant's final point, he argues that the prosecutor committed fundamental error in
his final argument on punishment by appealing to community demands. During final argument
the prosecutor argued that the community demanded punishment of Appellant. However,
Appellant failed to object to the comment at the time it was made and unless the argument of the
prosecutor is so prejudicial that no instruction could cure the harm, the failure to timely object
waives any error. See Tex. R. App. P. 52(a); Motley v. State, 773 S.W.2d 283 (Tex.Crim.App.
1989). Appellant's point is overruled and the judgment of the trial court is affirmed.

                                                                                 BOBBY L. CUMMINGS 
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed August 1, 1991
Do Not Publish



ly:
"CG Times";color:black'> 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal dismissed

Opinion delivered and filed December 8, 2004

[CV06]